UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT F. MULLIGAN,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>BOARD OF TRUSTEES OF INDIANA  )<br>UNIVERSITY,  )<br>KATHRYN GIRTEN in her official and  )<br>individual capacities,  )<br>MICHELLE MALOTT in her official and  )<br>individual capacities,  )<br>  )<br>  Defendants.  )  | Case No. 1:24-cv-00096-TWP-MJD |

**ORDER ON PENDING MOTIONS AND DIRECTING FINAL JUDGMENT**

This matter is before the Court on Defendants, the Board of Trustees of Indiana University, Kathryn Girten, and Michelle Malott's (collectively, "Defendants") Motion for Judgment on the Pleadings (Dkt. 10) and Objection to Plaintiff's Opposition and Response to Defendants' Reply (Dkt. 16). Also before the Court is *pro se* Plaintiff Robert F. Mulligan's ("Mulligan") Request for Permission to Submit Surreply and Opposition to Defendants' Motion to Strike (Dkt. 17). Mulligan initiated this action against Defendants for violations of his First, Fifth, and Fourteenth Amendment rights, Title IX of the Education Amendments of 1972, the RICO Act, and the False Claims Act (Dkt. 1). Defendants argue this action is barred by *res judicata* because Mulligan filed, and lost, a similar action against them in this Court in 2021. For the following reasons, the Court **grants** Defendants' Motion for Judgment on the Pleadings, **denies** Defendants' Objection to Plaintiff's Opposition, and **grants** Mulligan's Request for Permission to Submit Surreply.

## I.  BACKGROUND

The Court takes judicial notice of Mulligan's prior action against the same Defendants— Indiana University Board of Trustees, Kathryn Cruz-Uribe[1] and Michelle Malott— in *Mulligan v. Indiana University Board of Trustees*, No. 19-cv-1834-TWP-MPB ("*Mulligan I*"), 2021 WL 1225929.  *Mulligan I* was filed on May 6, 2019.  In that case, Mulligan alleged claims for violations of his Fourteenth Amendment due process rights pursuant to the Civil Rights Act of 1891, violations of 42 U.S.C. § 1983, and breach of contract, after he was removed as the Dean of the School of Business and Economics at Indiana University ("IU") East in Richmond, Indiana.  *Id.* at *1; (Dkt. 11-1).  Mulligan was represented by counsel in *Mulligan I*.  The parties conducted discovery and proceeded to summary judgment.  On March 31, 2021, this Court granted summary judgment in favor of Defendants and dismissed Mulligan's claims with prejudice (Dkt. 11-2).  The Court entered final judgment in favor of Defendants the same day (Dkt. 11-3).  Mulligan did not appeal the Court's summary judgment entry or final judgment in *Mulligan I*.

On January 16, 2024, Mulligan filed this action *pro se*.  His Complaint alleges:

> From approximately August 2017 to the present, the defendants illegally retaliated against the plaintiff for tolerating constitutionally-protected expression, for asserting due process rights, and for attemping [sic] to end a pattern of illegal activity whereby IU awarded fraudulent academic degrees taught by unqualified faculty. This illegal operation defrauded students, the financial institutions which serviced their loans, and providers of financial aid including the Federal Government. In retaliation the defendants conspired to contrive an illegal Title IX proceeding in August-September 2017 which denied me notice of the investigation, opportunity to be heard, impartial hearing and/or determination, and illegally withheld alleged complaints and the alleged determination for over two years. Retaliatory [sic] acts also include removing me as dean of the School of Business & Economics in December 2017, reduction in pay, theft of labor services, withdrawal of an offer of a more desirable title and reporting arrangement, a fraudulent and defamatory annual evaluation, assigning me courses for which I was unqualified, and continuous discrimination in denying me equal access to

---

[1] At the time *Mulligan I* was filed, Defendant Girten's last name was Cruz-Uribe.

institutional procedures and regulatory protections which continue to be arbitrarily withheld.

(Dkt. 1 at 4.)

In their Motion for Judgment on the Pleadings (the "Rule 12 Motion"), Defendants argue that this action is duplicative of *Mulligan I* and thus barred by the doctrine of *res judicata*. As an initial matter, the Court notes that Defendants filed their Rule 12 Motion pursuant to Rule 12(c), but the motion should have been filed pursuant to Rule 12(b) instead. "Rule 12(c) permits a party to move for judgment on the pleadings after the complaint *and answer* have been filed by the parties." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (emphasis added) (citing Fed. R. Civ. P. 12(c)). Defendants have not yet filed an answer, so their Rule 12 Motion is procedurally a motion to dismiss under Rule 12(b)(6), and the Court will construe it as such.[2]

Mulligan filed a response in opposition to Defendants' Rule 12 Motion (Dkt. 12), and Defendants filed their reply (Dkt. 13). Mulligan then filed a document titled "Plaintiff's Opposition & Response to Defendants' Reply in Support of Judgment on the Pleadings," which the Court construes as a surreply (the "Surreply") (Dkt. 14). Defendants have filed an Objection to Plaintiff's Opposition and Response to Defendants' Reply, arguing that the Surreply was improperly filed without leave of Court and asking the Court to strike the Surreply (Dkt. 16). Shortly thereafter,

---

[2] *Res judicata* is technically an affirmative defense that cannot normally be raised until an answer has been filed. *Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). "But when an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion. . . . No purpose would be served by compelling the defendant to file an answer rather than proceed by motion when the plaintiff has pleaded the answer himself." *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008); *see In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003) ("Motions to dismiss . . . may be employed when the complaint . . . matters of public record, and other matters susceptible to judicial notice coalesce to show beyond doubt that an action is barred, under the doctrine of res judicata, by a prior adjudication."). The Court may therefore consider Defendants' *res judicata* defense even though Defendants raised the defense before filing an answer.

3

Mulligan filed a belated Request for Permission to Submit Surreply and Opposition to Defendants' Motion to Strike (Dkt. 17).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.  DISCUSSION

The Court will address whether to it will consider Mulligan's Surreply before discussing whether his Complaint is barred by the doctrine of *res judicata*.

### A.  **Mulligan's Surreply**

Defendants' title their opposition to Mulligan's Surreply as an Objection to Plaintiff's Opposition and Response to Defendants' Reply (Dkt. 16). Although Defendants oppose and object to Dkt. 14, their Motion is in substance, a motion to strike the Surreply (the "Motion to Strike"). Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Defendants argue that the Local Rules do not contemplate the filing of a surreply in opposition to a Rule 12 motion, and the Surreply does not explain why Mulligan should be granted leave to file a surreply (Dkt. 16 at 2). Defendants also complain that Mulligan raises new issues that should have been raised in his response and their reply, though Defendants do not address the merits of Mulligan's new Surreply arguments. In his belated Request for Permission to Submit Surreply, Mulligan apologizes for having violated the Court's rules and asks the Court for leave to file his Surreply "in order to do substantial justice" (Dkt. 17 at 1). Defendants did not file a response in opposition, and the time to do so has passed.

It is within the Court's discretion to grant or deny a motion to strike. *McLeod v. Arrow Maine Transp., Inc.*, 258 F.3d 608, 617 (7th Cir. 2001). Likewise, "[i]t is well settled that the decision whether to grant a motion for leave to file a sur-reply is within the Court's discretion." *Symons Int'l Grp., Inc. v. Con'l Cas. Co.*, No. 01-cv-799, 2017 WL 4516749, at *1 (S.D. Ind. Sept.

26, 2017) (citing cases). In light of Mulligan's *pro se* status, and in order to thoroughly and completely address all of the parties' arguments, the Court will consider Mulligan's Surreply. In the exercise of its discretion, the Court **denies** Defendants' Motion to Strike and **grants** Mulligan's Request for Permission to File Surreply.

**B.      Dismissal of Complaint Under *Res Judicata***

Defendants contend that Mulligan's claims in this action were or could have been raised in *Mulligan I*, so this action is barred by the doctrine of *res judicata* (Dkt. 11 at 3–5). "Res judicata is a rule 'of public policy and of private peace.'" *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) (quoting *Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917)). This rule explains that "[w]here a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim." *Id*. *Res judicata* has three elements: "(1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts)." *Id*. (citing *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009)).

In his response brief, Mulligan mistakenly asserts that "relitigation" is an element of *res judicata* (Dkt. 12 at 1). Relitigation is not an element of *res judicata*; rather, the general purpose of *res judicata* is to prevent relitigation. Regardless, Mulligan's arguments regarding relitigation are relevant to the third element of *res judicata* (identity of the cause of action) so the Court will consider Mulligan's arguments in discussing the third element.

Mulligan does not dispute that the first element of *res judicata* is met: an identity of parties (Dkt. 12 at 2 ("Same or closely related parties: Undisputed.")). Only the contested second and third elements—a final judgment on the merits, and an identity of the cause of action—require discussion. The Court will also address the arguments raised in the Surreply regarding purported

exceptions to *res judicata*, as well as Mulligan's requests for relief in *Mulligan I* upon dismissal of this case (Dkt. 14).

1.      **<u>Final Judgment on the Merits</u>**

"With respect to the initial requirement that the final judgment in the previous action must have been on the merits, . . . a judgment on the merits is one which is based upon legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Spiegel v. Cont'l Ill. Nat'l Bank*, 790 F.2qd 638, 645 (7th Cir. 1986) (internal quotation marks and citations omitted). So a dismissal for lack of subject matter jurisdiction, for example, would not be a judgment on the "merits," but a dismissal for failure to state a claim would be a judgment on the merits. *Id*.

In *Mulligan I*, the Court granted Defendants' motion for summary judgment and dismissed Mulligan's claims with prejudice because they were barred by Eleventh Amendment immunity and/or because Mulligan had no constitutionally protected property interest in the case because he had no contractual right to his deanship position (Dkt. 11-2 at 13, 17). The Court's summary judgment entry in *Mulligan I* was based on the merits of Mulligan's claims, rather than mere practice, procedure, jurisdiction, or form. The summary judgment entry in *Mulligan I* therefore constitutes a final judgment on the merits for purposes of *res judicata*. *See Bell v. Taylor*, No. 14-cv-785, 2015 WL 3672615, at *3 (S.D. Ind. June 12, 2015) ("[T]here was a final judgment on the merits of the first case: this Court granted summary judgment in favor of the Defendants and dismissed [the plaintiff's] case with prejudice."); *see also Shellhouse v. Mattis*, No. 18-cv-135, 2018 WL 5282057, at *3 (S.D. Ind. Oct. 24, 2018) (finding that Court issued final judgment for purposes of *res judicata* when it granted defendant's motion for summary judgment and dismissed plaintiff's claims for failure to exhaust administrative remedies). The second element of *res judicata* is satisfied here.

### 2. Identity of Cause of Action

Defendants contend that this action has identity with *Mulligan I* because both actions "concern the events surrounding Plaintiff's removal from his position as Dean of the School of Business and Economics at Indiana University East," and only Mulligan's legal theories are different (Dkt. 11 at 4 (arguing *Mulligan I* alleged the violation of constitutional rights, and this case alleges retaliation)). Mulligan responds that *res judicata* does not apply because this action alleges broader claims and more causes of action than in *Mulligan I* (Dkt. 12 at 2).

"A claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996). "Even if . . . two claims are based on different legal theories, the two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Bernstein v. Bankert*, 733 F.3d 190, 226–27 (7th Cir. 2013) (alteration, quotation marks, and citations omitted). In determining whether two actions arise out of the same, or nearly the same, factual allegations, "courts 'should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *Bernstein*, 733 F.3d at 227 (quoting *Ross ex rel. Ross v. Bd. of Educ. of Twp. High School Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007) (quoting *Burlington N.R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990))).

The operative facts in *Mulligan I* were that Mulligan was removed as the Dean of the School of Business and Economics following a Title IX investigation into Mulligan in 2017. (Dkt. 11-1 at 2–4; Dkt. 1 at 4.) These are the same facts that form the basis of Mulligan's current action, and Mulligan does not appear to argue otherwise. Instead, Mulligan argues that the current action is not barred by *res judicata* because "[t]he present suit makes substantially broader claims" than asserted in *Mulligan I*, and because the Court's summary judgment entry in *Mulligan I* "explicitly

8

did not address Defendants' denial of due process in the retaliatory Title IX investigation or appeals of Plaintiff's dismissal." (Dkt. 12 at 2.)

Even though this action asserts claims that were either not asserted in *Mulligan I* or addressed by the Court in its *Mulligan I* summary judgment entry, this action is still barred by the doctrine of *res judicata*. The Seventh Circuit has stated that "prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to those issues which *could have* been raised in that litigation." *Alexander v. Chicago Park Dist.*, 773 F.2d 850, 854 (7th Cir. 1985). The United States Supreme Court and Seventh Circuit have repeatedly explained that "claim preclusion [also called *res judicata*] prevents parties from raising issues that could have been raised and decided in a prior action—*even if they were not actually litigated*." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020) (emphasis added); *see, e.g.*, *Brownback v. King*, 141 S. Ct. 740, 747 n.3 (2021) ("Claim preclusion prevents parties from relitigating the same 'claim' or '"cause of action,"' even if certain issues were not litigated in the prior action." (quoting *Lucky Brand Dungarees*, 140 S. Ct. at 1594–95)); *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir. 1982) ("[R]es judicata bars not only those issues which were decided in the prior action but also any issues which could have been raised.").

Mulligan's new and "substantially broader claims" are barred by the doctrine of *res judicata* because they could have been raised in *Mulligan I*, regardless of whether they were actually raised or addressed by the Court. The Title IX investigation occurred in 2017, the appeals of his dismissal occurred in 2018, and *Mulligan I* was filed in 2019. Even though Mulligan alleges that the current action raises claims based on "ongoing" violations, (Dkt. 12 at 2), he has not alleged any new harm that arose after he filed *Mulligan I*. He alleges only the continuation of the same harm alleged in *Mulligan I*, which could have been raised in the earlier suit. The third element of *res judicata* is

also satisfied here.  Because Mulligan's claims in this action are barred by *res judicata*, they must be **dismissed**.

### 3. Alleged Exceptions to *Res Judicata*

In his Surreply, Mulligan argues that several exceptions to *res judicata* apply, so his claims should not be dismissed (Dkt. 14 at 2–3).  The Surreply appears to quote the Restatement (Second) of Judgments § 28, which enumerates exceptions to the doctrine of issue preclusion.  Mulligan's reliance on these exceptions is misplaced because the doctrine of issue preclusion is separate and distinct from the doctrine of *res judicata* (also called "claim preclusion").

The doctrine of *res judicata* technically encompasses two related but distinct concepts: claim preclusion and issue preclusion. Claim preclusion is often itself called *res judicata*, and issue preclusion is often called "collateral estoppel".  *See Brownback*, 141 S. Ct. at 747 n.4.  The Seventh Circuit has explained the distinction between these two doctrines:

> "Claim preclusion" [or "*res judicata*"] refers to the doctrine that bars litigation of claims and issues that were raised or could have been raised in a prior action between the same parties or their privies that has been resolved by final judgment by a court of competent jurisdiction. . . . "Issue preclusion" [or "collateral estoppel"] refers to the effect of a judgment in foreclosing relitigation of a matter of fact or law that has been litigated and decided in a prior proceeding involving at least one of the present parties, or its privy.  The claim in which the issue is relitigated need not be the same.

*Jones v. City of Alton*, 757 F.2d 878, 879 n.1 (7th Cir. 1985).

Stated differently, claim preclusion (*i.e.*, *res judicata*) bars the relitigation of claims that were or could have been raised in earlier litigation involving the same parties, and issue preclusion (*i.e.*, collateral estoppel) bars the relitigation of specific questions of fact or law that were actually litigated and decided in earlier litigation involving at least one of the same parties.  Mulligan's Surreply relies on exceptions to the doctrine of issue preclusion, not *res judicata*, so those exceptions are inapplicable and do not save Mulligan's claims from dismissal.

### 4. **Mulligan's Requests for Relief in *Mulligan I***

Mulligan also asserts that his counsel in *Mulligan I* "advised that the Civil Rights and Due Process claims could be pursued separately, clearly implying that *res judicata* would not apply to those claims." (Dkt. 12 at 2.) Mulligan argues that the dismissal of this action on the grounds of *res judicata* means he "was not afforded adequate counsel" in *Mulligan I*, and the Court should "withdraw, vacate, set aside, or suspend its final judgment" in *Mulligan I* and permit him "to appeal the earlier decision at this time." *Id.* If Mulligan is asking the Court set aside the final judgment in *Mulligan I* pursuant to Federal Rule of Civil Procedure 60(b), and extend his time to file a notice of appeal in *Mulligan I* pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), he must file the appropriate motion(s) in *Mulligan I*, not in this case. The Court in this case lacks authority to grant relief in a different case.

### IV. CONCLUSION

For the reasons explained in this Order, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings (Dkt. 10), **DENIES** Defendants' Objection to Plaintiff's Opposition and Response to Defendants' Reply (Dkt. 16), and **GRANTS** Mulligan's Request for Permission to Submit Surreply and Opposition to Defendants' Motion to Strike (Dkt. 17). Because Mulligan's claims are barred by the doctrine of *res judicata*, this action is **DISMISSED with prejudice**, and final judgment will issue under separate order.

The **Clerk is directed** to change the docket text for Dkt. 16 to add that Dkt. 16 is also a Motion to Strike Mulligan's Surreply (filed at Dkt. 14). The docket text should read: Defendants' Objection to Plaintiff's Opposition and Response to Defendants' Reply and *Motion to Strike Surreply*.

**SO ORDERED**.

Date: 5/3/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert F. Mulligan
173 Harvard Street
Westbury, New York  11590
robtmulligan@gmail.com

Joshua Ryan Spindler
INDIANA UNIVERSITY
joshspin@indiana.edu

12